**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:06 CR 29-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **JAMES KENNETH MILLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, upon a motion filed by counsel for the defendant entitled, "Motion for Bond Review Hearing", (#18) and it appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, William D. McDowall, Jr., and that the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence presented and the records in this cause and the arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings:

**Findings**.    In an indictment filed on April 4, 2006 the defendant was charged with possession with intent to distribute methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1). This bill of indictment was superceded by a superceding bill of indictment filed on April 26, 2006. After the arrest of the defendant the undersigned entered an order on July 10, 2006 releasing the defendant on terms and conditions of pretrial release. Thereafter, on September 6, 2006, the defendant appeared before the undersigned and entered a plea of guilty to the sole count contained in the bill of indictment. On November 20, 2006 there was presented to the undersigned a violation report which had been filed by the United States

Probation Office. In the violation report it was alleged that the defendant had violated terms and conditions of pretrial release by testing positive for amphetamine and methamphetamine. On December 12, 2006 after hearing evidence, the undersigned entered an order finding that the defendant had violated terms and conditions of pretrial release and revoked the terms of pretrial release that had previously been issued and entered an order detaining the defendant. At the hearing, the United States Probation Office recommended to the court that the defendant be allowed to participate in the Jail Based Inpatient Treatment Program and further recommended that if the defendant successfully completed the Jail Based Inpatient Treatment Program that the court reconsider the issue of release of the defendant based upon a change of circumstances, that being his completion of the Jail Based Inpatient Treatment Program. After hearing this recommendation, the undersigned, in the order revoking the terms and conditions of pretrial release, entered a further order allowing the defendant to participate in the Jail Based Inpatient Treatment Program and allowing counsel for the defendant to file a motion requesting that the court reconsider the issue based upon a change of circumstances. On February 13, 2007 the United States Probation Office filed a memorandum in which it was stated that the defendant had completed the Jail Based Inpatient Treatment Program and further requesting that the defendant be released on an unsecured bond with certain special conditions of pretrial release which would include complete drug aftercare treatment; home detention with electronic monitoring; random drug testing, and other conditions as set forth in the previous release order issued on July 10, 2006. At the call of this matter on for hearing

the Assistant United States Attorney advised that the Government had no objection to the release of the defendant. The United States Probation Office, at that time, endorsed the recommendation contained in the memorandum and recommended that the undersigned release the defendant on terms and conditions of pretrial release.

The defendant called as a witness Christine Mills who is the mother of the defendant. Ms. Mills testified that she was willing to act as a custodian for the defendant and that she would agree to terms and conditions of pretrial release which would require her to supervise the defendant in accordance with all conditions of release; to use every effort to assure the appearance at all scheduled court proceedings, and to further notify the court immediately in the event the defendant violated any conditions of release or if the defendant disappeared. Ms. Mills testified that she was retired from her employment and that she would be at her home on a consistent basis to provide supervision over the defendant.

**Discussion.** 18 U.S.C. § 3143(a)(2) sets forth the criteria in regard to the release of the defendant in this matter:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> **(A)**(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

On September 6, 2006 the defendant entered a plea of guilty which was accepted by

the court.  The crime for which the defendant pled guilty is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, which is a crime as set forth in subparagraph (C) of subsection (f)(1) of section 3142.  As a result, the defendant must be detained unless the undersigned can find that there is a substantial likelihood that a motion for acquittal or a new trial will be granted or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person.  The undersigned, in this matter, cannot make either one of those factual findings.  The undersigned does find, by clear and convincing evidence, that the defendant is a person who is not likely to flee nor is he a person who would pose a danger to any other person or the community if he were released.  Indeed, if the undersigned was considering the factors as set forth under 3142(g) for release of the defendant, the undersigned would find, based upon the recommendation of the Assistant United States Attorney, the United States Probation Office, and the evidence presented by the defendant that there has been shown that the release of the defendant would not create any danger to any other person or the community.

In making the findings as set forth herein, the undersigned has considered and followed the recent order of the District Court in the case of  US v Freeman, 2:06cr12-2.

Based upon the foregoing, the undersigned has determined to enter an order denying the motion of the defendant.

**ORDER**

WHEREFORE, it is **ORDERED** that the defendant's "Motion for Bond Review Hearing" (#18) is hereby **DENIED** and that the defendant be detained pending further proceedings in this matter.

Signed: March 8, 2007

Dennis L. Howell
United States Magistrate Judge