IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:06CR29

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| JAMES KENNETH MILLS | ) | |

**THIS MATTER** is before the Court on the Defendant's motion to withdraw his guilty plea. The Government opposes the motion.

## I. PROCEDURAL BACKGROUND

On April 4, 2006, the Defendant was charged in a one count bill of indictment with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The indictment was superseded on April 26, 2006, to change the drug quantity from 50 grams to 500 grams or more of methamphetamine.

The Defendant appeared with retained counsel on July 6, 2006, for his arraignment. On August 30, 2006, he entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the superceding indictment. On September 6, 2006, the Defendant appeared with counsel at his Rule 11 hearing and his guilty plea was accepted by the Magistrate Judge. On December 12, 2006, the Defendant's bond was revoked and he was ordered into a jail based inmate treatment program during pretrial detention. After he completed that program, his attorney moved for release on bond but that motion was denied by the Magistrate Judge. The Defendant's attorney appealed that decision to the undersigned, and the Defendant's detention was affirmed by Order filed March 13, 2007.

The Defendant's sentencing hearing was set for June 19, 2007, however, on May 29, 2007, his Probation Officer brought to the attention of the Court a writing which was construed as a motion for a new attorney. On June 19, 2007, the Magistrate Judge allowed new counsel for the Defendant and the Federal Defender was appointed to represent him. As a result, the Defendant's sentencing hearing was continued.

The new sentencing date is July 18, 2007. Now, on the eve of that date, the Defendant's new attorney moves to continue the hearing yet again because the Defendant wants to withdraw his plea of guilty.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw his plea of guilty after acceptance of the plea by the Court but before sentencing if he is able to

> "show a fair and just reason for requesting the withdrawal." A defendant has no "absolute right" to withdraw a guilty plea, and the district court has discretion to decide whether a "fair and just reason" exists upon which to grant a withdrawal. The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted. Thus, when a district court considers the plea withdrawal motion, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. . . . A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge,' . . . and constitutes an admission of all 'material facts alleged in the charge." Accordingly, a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn.

**United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003) (quoting Fed. R. Crim. P. 11(d)(2)(B); United States v. Ubakanma,**

**215 F.3d 421, 424 (4th Cir. 2000);** *United States v. Wilson*, **81 F.3d 1300, 1307 (4th Cir. 1996);** *United States v. Willis*, **992 F.2d 489, 490 (4th Cir. 1993)) (other internal citations omitted).** In addition, in this Circuit the trial court must weigh the following factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Wilson*, **supra**, **at 1306.**

In order to show that he did not have "the close assistance of competent counsel," Defendant must meet the standard set under *Strickland v. Washington*, 466 U.S. 668 (1984), that is, he must show that his attorney's performance fell below an objective standard of reasonableness, and that but for that performance, there was a reasonable probability that he would not have pled guilty but would have insisted on going to trial. ***Bowman*, supra, at 416.** In other words, was counsel's performance "reasonable 'under prevailing professional norms,'

and in light of the circumstances." **Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) (quoting Strickland, at 689).**

### III. DISCUSSION

The only reasons given by the Defendant for withdrawing his plea are that he is illiterate, did not understand key concepts of the plea, and did not know the full ramifications thereof. In contrast to these claims, the plea agreement provides the following information: (1) the mandatory minimum sentence and the maximum possible sentence; (2) the drug quantity to which the Defendant admitted guilt; (3) the fact that the Rule 11 colloquy could be conducted by a Magistrate Judge; (4) a waiver of his right to withdraw the plea once accepted by the Court; and (5) a waiver of the Defendant's right to go to trial. **Plea Agreement, filed August 30, 2006.**

In addition to these provisions, the Defendant attended a Rule 11 hearing during which he was personally addressed by the Magistrate Judge. The Defendant answered a series of questions designed to show that he understood what he was doing and wanted to enter a plea of guilty.

The Magistrate Judge made a special notation on the inquiry that the Defendant stated he had completed the tenth grade in high school and is able to read but has problems with spelling. **Rule 11 Inquiry and Order of Acceptance of Plea, filed September 6, 2006, ¶ 6.** The Defendant stated that his mind was clear and he understood that he was entering a guilty plea that could not later be withdrawn. *Id.* ¶ 9. He acknowledged, contrary to his contentions now, that his attorney had reviewed the charge with him as well as the plea agreement. *Id.* ¶ 10. He was advised of the elements of the crime to which he was pleading guilty as well as the minimum and maximum sentences he could receive. *Id.* ¶ 11. In contrast to this claim made almost one year after the Rule 11 hearing, the Defendant specifically acknowledged: (1) he wanted the Court to accept his guilty plea; (2) he was not under the influence of any drug or alcohol and his mind was clear; (3) he had fully reviewed the charges against him with his attorney, understood them, understood the penalties, and knew that the sentence could be more severe than anticipated; (4) he had a right to plead not guilty and go to trial; (5) by entering a guilty plea, he waived his right to a trial; (6) he was *"in fact, guilty;"* (7) he was satisfied with the

services of his attorney to whom he had told anything relevant to his defense; and (8) the *Defendant wanted to plead guilty*. **Id.**

As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but he and his attorney signed the Rule 11 Inquiry which was then filed of record. **Id. at 9.** Finally, the colloquy was followed by the Magistrate Judge's statement on the record and in the Rule 11 colloquy form:

> Based on the representations and answers given by the defendant (and counsel) in the foregoing Rule 11 proceeding, the court finds that the defendant's plea is knowing and voluntarily made; and that the defendant understands the charges, potential penalties, and consequences of [his] plea. Accordingly, the defendant's plea is hereby accepted.

**Id.**

"[T]he Fourth Circuit has clearly established that once a guilty plea is entered, . . . a defendant must present exceptional reasons to support its withdrawal." **United States v. Luisa, 266 F.Supp.2d 440, 446-47 (W.D.N.C. 2003).**

> Given that [Defendant] consented to have the magistrate judge preside over his Rule 11 and tendered his plea at that time, the magistrate judge's [acceptance of] his plea is binding. *See [United States v.] Hyde*, 520 U.S. 670, 677 (1997) ("Were

> withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.").

**United States v. Breedlove, 7 F. App'x 268, 269 (4th Cir. 2001).**

The Court, therefore, rejects the Defendant's claim that he did not understand key concepts, is illiterate, and did not understand the full ramifications of the guilty plea. Not only did he sign the plea agreement, but he listened without opposition to the Magistrate Judge, and allocuted on the record that he understood what he was doing. The Defendant's guilty plea has been accepted and he has failed to show a fair and just reason for withdrawal. **See, *e.g., United States v. Graham*, 48 F. App'x 458 (4th Cir. 2002); *United States v. Gibson*, 217 F.3d 841 (table), 2000 WL 825758 (4th Cir. 2000); *United States v. Ewing*, 957 F.2d 115, 119 (4th Cir. 1992).** "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." **Bowman, 348 F.3d at 414.** "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity' because courts must

be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." ***United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quoting *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge v. Allision,* 431 U.S. 63, 74 (1977)).** Statements made during the Rule 11 colloquy constitute a formidable barrier to proceedings to withdraw a plea. ***United States v. DeFusco*, 949 F.2d 114 (4th Cir. 1991).** "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established[.]" ***Lemaster*, 403 F.3d at 221-22.** From the record, it is clear that the Defendant's guilty plea was both counseled and voluntary. ***Bowman*, *supra*; *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005); *United States v. Hughes*, 325 F.2d 789, 792 (2d Cir. 1964).**

The record also shows, as set out in the procedural history, that the Defendant received the close assistance of competent counsel. Moreover, the delay of almost one year, alone, warrants denial of the motion. **See**, ***e.g., United States v. Verduzco-Mendoza*, 171 F. App'x 488 (5th Cir. 2006); *United States v. Proctor*, 177 F. App'x 372 (4th**

Cir.), *cert. denied*, 127 S. Ct. 284 (2006); *United States v. Brehm*, 442 F.3d 1291 (11th Cir.), *cert. denied*, 127 S. Ct. 457 (2006); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004); *United States v. Clark*, 931 F.2d 292, 294-95 (5th Cir. 1991).

Finally, both the judicial system and the Government have expended significant resources and time in the Defendant's case. To now place this matter back on a trial calendar would not only increase those expenditures but would prejudice the Government which months ago concluded its investigation and trial preparation.

Having considered all the factors involved, the Court finds that the Defendant has no fair and just reason to withdraw his guilty plea.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to withdraw his guilty plea is hereby **DENIED**, and the sentencing hearing remains calendared for July 18, 2007, at 9:30 am.

11

Signed: July 13, 2007

Lacy H. Thornburg
United States District Judge